I must dissent from that portion of the majority opinion that affirms the trial court's alimony award and property division. The record reveals that the husband is 33 years old and the wife is 47 years old. At the time the wife filed for divorce, the wife had not worked outside the home for approximately 12 years; the wife is now employed and earns approximately $7,800 a year. The wife has monthly expenses of approximately $2,130; her monthly expenses exceed her monthly income by $1,480. The husband reported earning between $80,000 and $85,000 in 2002. The husband estimated his monthly expenses, to be $5,618; he also pays a portion of his girlfriend's monthly expenses. The husband's monthly income exceeds his monthly expenses by at least $1,000. The wife has no retirement benefits whereas the husband owns an interest in the Harmon family businesses worth a combined value of at least $795,000 and a 401(k) retirement account valued at $11,000.
In its judgment, the trial court ordered the husband to pay the wife $500 a month in periodic alimony and awarded the wife $104,650 in marital property.[2] The husband received his interest in the Harmon family businesses worth at least $795,000, and $44,000 in marital property.[3]
While a divorce judgment need not be equal, it must be equitable in light of the particular facts and circumstances of the case. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996). Although I recognize that issues regarding alimony and the division of marital property rest within a trial court's discretion, the facts of this case support a conclusion that the trial court exceeded its discretion. Marshall v. Marshall,891 So.2d 883 (Ala.Civ.App. 2004). Given the length of the parties' marriage, the parties' ages, the disparity between the parties' income, and the future employment *Page 304 
prospects of the parties, I would reverse the judgment of the trial court and remand it for a more equitable distribution of the marital property and alimony award. Accordingly, I dissent.
MURDOCK, J., concurs.
[2] The wife also received a life insurance policy with a death benefit in the amount of $10,000.
[3] The trial court also awarded the husband two life insurance policies with a combined minimum death benefit valued at $1,000,000.